# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

### DOCKET NO. 3:00-CR-137-6

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | |
| JAYLAR TASSMALL BYERS, ) | ORDER |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER comes before the Court upon Defendant's "*Nunc Pro Tunc* Motion for Emergency Relief to Reopen Petitioner's Sentencing Proceedings and Modification of Same Pursuant to 18 U.S.C. § 3582(c)" (Doc. No. 247). As a basis for the instant motion, Defendant states that on 10 October 2000 he entered a straight up guilty plea to one count of conspiracy to possess with intent to distribute and distribution of cocaine and cocaine base and one count of possession of a firearm by a felon. Defendant further states that he was induced to enter this guilty plea and waive his right to a jury trial and other constitutionally protected rights based upon the prosecutor's alleged oral promise to file a 5K1.1 motion for downward departure at sentencing and a Rule 35(b) motions within one year after sentencing in exchange for Petitioner's "continued cooperation and substantial assistance." The United States Attorney did make a 5K1.1 motion for downward departure at sentencing based upon Defendant's substantial assistance to the Government. Based upon the transcript of the sentencing hearing as quoted by Defendant, the prosecutor acknowledged at sentencing that Defendant would potentially be a witness at an upcoming trial and therefore "may be eligible for a Rule 35 motion at some point in the future." Defendant ultimately was sentenced to a term of imprisonment of 168 months, which was well below his initial guidelines range as well

as the sentencing range recommended by the Government. The United States Attorney never made a Rule 35(b) motion thereafter, and Defendant claims that this failure was a breach of the alleged "oral" plea agreement which induced him to plead straight up. Defendant now seeks "specific enforcement" of that agreement and a reduction of his sentence to a term of five years.

Whatever representations may have been made to Defendant by the Government, it is clear from the portion of the transcript which Defendant himself cites that the Government retained discretion over the decision whether or not to move under Rule 35(b) for an additional sentence reduction. (See Def.'s Br. at 3) ("[W]e believe he *may be eligible* for a Rule 35 motion at some point in the future."). "Thus, unless the government's failure to file a substantial assistance motion is 'based on an unconstitutional motive' . . . or is 'not rationally related to any legitimate Government end,' district courts have no authority to review a prosecutor's refusal to file a substantial assistance motion and grant a remedy." United States v. Butler, 272 F.3d 683, (4th Cir. 2001) (quoting Wade v. United States, 504 U.S. 181, 185-86 (1992)). Here, Defendant has not made any allegations, let alone the "substantial showing" required, that would lead this Court to conclude that such an unconstitutional motive was at play. Wade, 504 U.S. at 186 ("additional but generalized allegations of improper motive" are insufficient). Rather, it appears that Defendant simply misunderstood the contingent nature of the Government's representation concerning a potential Rule 35(b) downward departure when he entered his plea of guilty. Thus, Defendant's motion is DENIED.

IT IS SO ORDERED.    Signed: November 5, 2007

_____
Frank D. Whitney
United States District Judge