# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:00-CR-137-6-FDW

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM |
| JAYLAR TASSMALL BYERS, | ) | OF DECISION |
| | ) | |
| Defendant. | ) | |
| | ) | |

In this matter before the Court for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 of the U.S.S.G. (made retroactive by Amendment 713), the Court makes the following findings and conclusions:

1.   Defendant is eligible for a sentence reduction to a period of confinement equal to 152 months for the reasons set forth in the Supplement to the Presentence Report.

2.   In the case of a defendant who has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2) provides that the Court *may* reduce the term of imprisonment "after considering the factors set forth in section 3553(a) to the extent they are applicable" and if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. In the Commentary to U.S.S.G. § 1B1.10, the Sentencing Commission emphasized that the decision to grant a sentence reduction authorized by retroactive amendments is discretionary and that retroactivity does not entitle a defendant to a reduced term of imprisonment as a matter of right.

3.   The record before the Court reflects a defendant who has displayed good conduct and some rehabilitative potential while in prison. In spite of this, the court does not find this defendant to be

an appropriate case for sentence reduction. It its most recent report to Congress recommending that the crack-powder disparity be eliminated, the record of public hearings and the analysis that followed indicates that the Commission's recommendations were predicated in substantial part on data suggesting that most crack defendants were nonviolent offenders and that the sentencing disparity disproportionally affects this category of defendant. <u>See generally</u> United States Sentencing Commission, <u>Cocaine and Federal Sentencing Policy</u> (May 2007). This defendant, however, participated in an extremely violent drug conspiracy and was himself an accessory to felony murder, acting as a getaway driver for a co-conspirator and disposing of a murder weapon. Furthermore, this defendant has already benefitted from a sentence reduction of more than ten years as a result of his substantial assistance with respect to that homicide. A further reduction in sentence would not sufficiently reflect the seriousness of the offense, promote respect for the law, or provide just punishment.

4. Upon consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), the possible threat to public safety posed by the early release of a person with this defendant's criminal predispositions, and this defendant's post-sentencing conduct, the court finds that the original sentence of **168 months** is adequate, but no greater than necessary, to accomplish the objectives of sentencing, while a reduction would frustrate those objectives.

An appropriate Order shall issue separately.

Signed: September 5, 2008

Frank D. Whitney
United States District Judge